IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:06-CV-167-FL

| | |
|---|---|
| MICHELE M. PEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| v. ) | AND |
| ) | RECOMMENDATION |
| MICHAEL ASTRUE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on plaintiff's motion for summary judgment, or in the alternative, judgment on the pleadings (DE # 11) and defendant's motion for judgment on the pleadings (DE # 17). This matter has been fully briefed and is now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for a Memorandum and Recommendation.

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's final decision denying plaintiff's claim for denying her application for a period of disability and disability insurance benefits ("DIB"). For the reasons set forth below, the court recommends denying plaintiff's motion and granting defendant's motion.

## STATEMENT OF THE CASE

Plaintiff applied for disability insurance benefits ("DIB") on June 9, 2004, alleging a disability onset date of April 2, 2002, due to a degenerative disc disease with bone spurs. (Tr. 16.) Plaintiff's application for benefits was denied initially and upon reconsideration. After a hearing on July 27, 2005, the Administrative Law Judge ("ALJ") determined that plaintiff was not disabled

within the meaning of the Social Security Act because work exists in significant numbers in the national economy that accommodates her Residual Functional Capacity ("RFC") and vocational abilities, and a decision was issued denying plaintiff's claim on February 21, 2006. The Social Security Administration's Office of Hearing and Appeals denied plaintiff's request for review on June 6, 2006, at which time the ALJ's decision became the final decision of the Commissioner. Plaintiff filed the instant action on July 28, 2006.

## STANDARDS FOR DISABILITY

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); see 42 U.S.C. § 1382c(a)(3)(A); Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). The Act goes on to describe disability more specifically in terms of impairments:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.

42 U.S.C. § 423(d)(2)(A); see 42 U.S.C. § 1382c(a)(3)(B).

The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). The burden of proving disability falls upon the claimant. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993).

2

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

(I) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . . .

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [§ 404.1509 for DIB and § 416.909 for SSI], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . . .

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. Part 404, subpt. P, app. 1] . . . and meets the duration requirement, we will find that you are disabled. . . . .

(iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . . .

(v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. Pass, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. Id.

FINDINGS OF THE ALJ

In the instant action, the ALJ employed the five-step evaluation. First, the ALJ found that plaintiff had not engaged in substantial gainful employment since her alleged onset date. (Tr. 16.) At step two, the ALJ found that the medical evidence indicates that plaintiff has severe degenerative

3

disc disease of the lumbar spine and arthropathy of the right ankle/foot. (Tr. 21.) However, the ALJ did not find that these impairments were severe enough to meet or medically equal, either singly or in combination, one of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. (Id.) The ALJ then proceeded with step four of his analysis and determined that plaintiff retained the residual capacity to perform a reduced range of light work activity. (Tr. 22.) Specifically, the ALJ found that plaintiff can lift and carry twenty (20) pounds occasionally and ten (10) pounds frequently, to sit for 6 hours in an 8-hour workday, to stand and walk for 3 hours in an 8-hour day, with a sit-stand option with intervals of standing and walking one hour at a time. (Id.) Furthermore, plaintiff was limited to occasional pushing/pulling and climbing and frequent balancing, stooping, keeling, crouching, and crawling. (Id.) Based on this RFC finding and the vocational expert's testimony, the ALJ found that plaintiff could perform her past relevant work of hotel manager, cashier, and dispatcher. (Tr. 24.) Accordingly, the ALJ did not need to reach step five and determined that plaintiff was not under a disability at any time through the date of his decision. (Id.)

## STANDARD OF REVIEW

Under 42 U.S.C. §§ 405(g) and 1383(c)(3), judicial review of the final decision of the Commissioner is limited to determining whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is that "which a reasoning mind would accept as sufficient to support a particular conclusion." consisting of more than a mere scintilla of evidence, but . . . somewhat less than a preponderance." Id. In reviewing for substantial evidence, [the court] does not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal

4

citations omitted). Thus, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. See Hays, 907 F.2d at 1456.

## DISCUSSION

In her supporting memorandum, plaintiff argues (1) that the ALJ disregarded the medical opinions of all treating or examining medical professionals; (2) that the ALJ's hypotheticals to the vocational expert were not supported by the evidence; and (3) that her claim should be ordered paid in lieu of being remanded for further action.

A. The ALJ properly considered the opinions of all medical professionals.

Plaintiff argues that the ALJ erred in his decision by rejecting several medical statements that she was unable to work, failing to follow applicable Fourth Circuit precedent and Social Security regulations. First, the court would note that ultimate question of disability, whether or not plaintiff is able to work, is a decision specifically reserved to the Commissioner and thus the conclusion by any medical examiner that plaintiff is disabled is not entitled to any "special significance." 20 C.F.R. § 404.1527(e). Second, nurse practitioners and physician's assistants are not "acceptable medical sources" under 20 C.F.R. 404.1513(a) and thus cannot be considered "treating physicians." While the opinions of such "other" medical sources are to be considered along with other evidence in the file under Social Security Ruling 06-03p and can outweigh the findings of an "acceptable medical source," every opinion must be supported by adequate evidence and judged in light of all medical evidence provided. See Craig, 76 F.3d at 590.

"A treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record."

5

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). "However, an ALJ 'may give less weight to the testimony of a treating physician in the face of contrary evidence.'" Baldwin v. Barnhart, 444 F. Supp. 2d 457, 466 (E.D.N.C. 2005), quoting Craig v. Chater, 76 F.3d at 590. Upon review "the ALJ's determination as to the weight to be assigned to a medical opinion will generally not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has not given good reason for the weight afforded a particular opinion." Herron v. Barnhart, 2003 WL 24054466, *5 (W.D. Va. 2003) (quoting Scivally v. Sullivan, 966 F.2d 1070, 1076-77 (7th Cir. 1992)); see also Koonce v. Apfel, 166 F.3d 1209, 1209 (4th Cir. 1999); Christian v. Apfel, 168 F.3d 481, 481 (4th Cir. 1998).

The ALJ in this case properly weighed and discussed the medical evidence provided by each of the sources in formulating his decision. The discussion of each also included factors bearing on the reliability of the evidence from each source including the length of the treatment relationship, the nature and extent of the examinations, and the treatment provided, as outlined in 20 C.F.R. § 404.1527(d)(2). For example, physician's assistant Mr. Culbreth only examined plaintiff once and while he reported decreased range of back motion, he also noted that other tests were negative or normal and prescribed Celebrex and physical therapy. (Tr. 23-24, 117.) Despite Mr. Culbreth's status as an "other medical source," the short treatment relationship and the conclusions after examination were acceptable, articulated reasons for the ALJ to not according significant weight to his medical opinion. Likewise, Dale Caughey, Jr., M.D., and James Markworth, M.D., each only examined plaintiff one time and thus had no lengthy "treatment relationship" as in 20 C.F.R. § 404.1527(d)(2) to which the ALJ should have accorded much weight. In addition, Dr. Caughey's findings reported normal clinical findings with the exception of some moderate limitation in her

6

range of back motion. (Tr. 120-21.)

After reviewing the medical evidence available in the record and the ALJ's decision, the court finds that proper discussion and weight was accorded to each medical source. The ALJ contrasted the conclusory medical opinions of Dr. Caughey, Mr. Culbreth, and Ms. Ava White with the objective medical evidence, plaintiff's testimony of her daily activities, and his own observation of her ability to sit at her hearing for almost an hour without problems. (Tr. 22-23, 254.)

B.  The hypotheticals presented to the vocational expert were based on substantial evidence.

In constructing hypothetical questions to the vocational expert, the ALJ properly considered the plaintiff's complaints of pain, as well as limitations on plaintiff's activities during a workday. The ALJ considered the relevant factors in 20 C.F.R. § 404.1529(c), which the Fourth Circuit described as "the authoritative standard for the evaluation of pain in disability determinations." Craig, 76 F.3d at 593. Plaintiff's complaints of functional limitations were contrasted with the medical evidence in the record which did not reveal similar reports of pain, the medical attention which she only sought infrequently, and plaintiff's own reports of her daily activities which the ALJ did not find to be consistent with the alleged functional limitations. (Tr. 20.) As the Fourth Circuit held in Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994), the "only fair manner to weigh a subjective complaint . . . is to examine how [it] affects the routine of life."

Further, the ALJ's finding of plaintiff's RFC is consistent with Dr. Markworth's assessment that she would need a sit/stand option and should avoid prolonged standing or walking. (Tr. 172.) As discussed above, the ALJ was not compelled to accept all of Dr. Markworth's conclusions about plaintiff's limitations, including that plaintiff would need to recline periodically, given the length of the treatment relationship and other inconsistent medical evidence in the record. Having found that
7

the ALJ's determination of the RFC to use as the basis for the hypothetical questions posed to the vocational expert was proper, the court further finds that the ALJ properly relied on the testimony provided by the vocational expert. The ALJ posed questions including and excluding the functional limitations described by plaintiff and Dr. Markworth, and drew his own conclusion from those answers. (Tr. 266-68.)

## CONCLUSION

Having found that the ALJ's decision in this case to be supported by substantial evidence, the court recommends that the finding of the Commissioner be upheld, thus mooting plaintiff's third objection that the claim should be ordered paid in lieu of being remanded for further proceedings. For the foregoing reasons, it is RECOMMENDED that plaintiff's motion for summary judgement, or in the alternative, for judgment on the pleadings (DE # 11) be DENIED, and defendant's motion for judgment on the pleadings (DE # 17) be GRANTED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have ten days to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This 16th day of May, 2007.

E.S. SWEARINGEN
United States Magistrate Judge