IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:06-CV-167-FL

| | |
|---|---|
| MICHELE M. PEELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE # 11 & 17). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge E. S. Swearingen entered a Memorandum and Recommendation (hereinafter "M&R") recommending the court deny plaintiff's motion, grant defendant's motion, and uphold the Commissioner's decision denying benefits. (DE # 19). Plaintiff timely filed objections to the M&R (DE # 20), and defendant did not file a response. In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts the M&R of the Magistrate Judge as its own and grants defendant's motion.

STANDARD OF REVIEW

In addressing plaintiff's objections to the M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The court's review is limited to determining whether the Commissioner's findings are "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Substantial evidence" is that "which a reasoning mind would accept as sufficient to support a particular conclusion," consisting of "more than a mere scintilla of evidence but . . . somewhat less than a preponderance." Id. "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor . . . to make findings of fact [or] to resolve conflicts in the evidence." Id. The court must review the record as a whole, including any new evidence, in order to determine whether substantial evidence supports the Commissioner's findings. See Wilkins v. Secretary, Department of Health and Human Services, 953 F.2d 93, 96 (4th Cir.1991). Even if the court disagrees with Commissioner's decision, the court must uphold the decision if it is supported by substantial evidence in the record. See Hays, 907 F.2d at 1456.

## DISCUSSION

Plaintiff assigns two points of error to the Magistrate Judge's M&R. Plaintiff argues: first, the M&R erroneously concludes the Administrative Law Judge (hereinafter "ALJ") properly weighed medical evidence addressing plaintiff's ability to perform prior work; and second, the M&R neither cites, nor discusses, Hines v. Barnhart, 453 F. 3d 559 (4th Cir. 2006), and, as a result, the recommendation is legally insufficient. (Def.'s Obj., p. 2.) The court will address each objection in turn.

### I. The ALJ properly considered the opinions of all medical professions

Plaintiff argues in her objection that the ALJ erred by rejecting medical evidence from four examining sources, all of whom concluded plaintiff is unable to perform prior work. (Pl's Obj., pp. 2-5). Plaintiff stated this argument, in substantially similar terms, in her memorandum at

2

pages 13-21. The Magistrate Judge addressed this argument at pages 5-7 of the M&R, where the ALJ's methodology in determining the reliability and weight afforded each examining source is discussed. Accordingly, the court adopts as its own the discussion of the Magistrate Judge on this issue.

## II. Plaintiff's reliance on <u>Hines v. Barnhart</u> is misplaced

Plaintiff argues on objection the Magistrate Judge's recommended opinion is legally insufficient as it does not cite to, nor discuss, the Fourth Circuit's decision in <u>Hines v. Barnhart</u>. Plaintiff's reliance on <u>Hines</u> in the current matter is misplaced. In <u>Hines</u> the court found the ALJ applied an improper legal standard to discredit a treating physician's opinion when determining the plaintiff's residual functional capacity (hereinafter "RFC"). <u>Hines</u>, 453 F. 3d at 567. As a result, the court held the hypothetical posed to the vocational expert was inadequate, as it was based upon an improperly construed RFC, and that the plaintiff was entitled to disability benefits. <u>Id.</u>

Here, plaintiff argues that the ALJ's reliance on a vocational expert at step four of the Social Security Disability Sequential Evaluation necessitates application of the evidentiary standard articulated in <u>Hines</u>; however, plaintiff fails to identify how application of such standard warrants a conclusion other than that reached. Plaintiff merely quotes <u>Hines</u> and states that "[a] vocational expert in <u>Hines</u> testified, just as in the present claim, that having to lie down on the job would preclude competitive work performance." (Pl.'s Obj., pg. 5.) Contrary to plaintiff's assertions, the ALJ was not compelled to include in his hypothetical plaintiff's claimed inability to work an eight hour day, as this limitation was determined to be unsupported by the objective medical evidence. Plaintiff does not recognize that, as discussed by the Magistrate's recommendation, the ALJ properly formulated plaintiff's RFC, and having so done, properly utilized this RFC in hypotheticals posed

3

to the vocational expert. (M&R, pgs. 7-8.) Accordingly, the court adopts as its own the discussion of the Magistrate Judge on this issue.

## CONCLUSION

In accordance with the foregoing, the court hereby ADOPTS the recommendation of the Magistrate Judge as its own, and, for the reasons stated therein, plaintiff's motion is DENIED, defendant's motion is GRANTED, and this matter is DISMISSED. The clerk of court is directed to close the file.

SO ORDERED, this the 8th day of August, 2007.

LOUISE W. FLANAGAN
Chief United States District Judge